## Case No. 14,762.

UNITED STATES v. The C. B. CHURCH.

[1 Woods, 275.] [1]

Circuit Court. D. Louisiana. Nov. Term, 1872.

ACTIONS—DEBT—PENALTY FOR CARRYING PETROLEUM ON PASSENGER STEAMER.

The penalty for a violation of the 4th section of the act approved February 28, 1871 (16 Stat. 440), which forbids a steamer engaged in carrying passengers from carrying as freight any burning and explosive fluid, cannot be recovered by a proceeding in rem. An action of debt against the offending parties is the proper action.

[Appeal from the district court of the United States for the district of Louisiana.]

J. R. Beckwith, U. S. Atty.

Given Campbell and Wm. Grant, for claimant.

WOODS, Circuit Judge. This is a libel of information for an alleged violation of the first and fourth sections of the act of congress, approved February 28, 1871 (16 Stat. 440). It is alleged in substance in the first count, that on the 28th day of September, 1871, the said steamer Charles B. Church, being a passenger steamer, and engaged in carrying passengers on the Mississippi river, between Cairo and New Orleans, carried on board, between said points, as freight, fifty barrels of refined petroleum, the same being an explosive and burning fluid. The second count, which seems to be based on the first section of the act, charges that the Church, being a vessel propelled by steam, and engaged in carrying passengers between the aforesaid points, was navigated without complying with the terms of the act of congress aforesaid, in this, that she carried as freight between said points fifty barrels of petroleum, the same being an explosive and burning fluid. The purpose of the libel is to enforce the penalty of five hundred dollars, prescribed by the act of congress for the violation of the sections named.

The claimant excepts to the libel, because the proceeding, being in rem, is not authorized by the statute, and the court has no jurisdiction in rem against the steamer for the causes alleged in the libel. This exception presents the only question for the decision of the court. The 4th section of the act of congress referred to provides, among other things, that no refined petroleum shall be carried as freight on any steamer carrying passengers, with an exception not necessary to notice here, but the section does not provide any penalty for the violation of the prohibition. The 68th section of the act declares that the penalty for the violation of any provision of the act not otherwise specially provided for shall be a fine of five hundred dollars, one-half for the use of the informer. If these were the only sections to which this libel could be referred, it would be clear that

1 [Reported by Hon. William B. Woods, Circuit Judge, and here reprinted by permission.]

the proceeding in rem would not lie. This would not be an admiralty cause, and without express authority an action in rem would not lie. Whenever a remedy in rem is given in the act, it is expressly provided. See section one. The usual and proper remedy for a penalty is the action of debt. Debt lies wherever a sum certain is due the plaintiff, or a sum which can readily be reduced to a certainty; a sum requiring no future valuation to settle its amount. Stockwell v. U. S., 13 Wall. [80 U. S.] 542. When a penalty is given by statute and no remedy for its recovery expressly provided, debt will lie. Jacob v. U. S. [Case No. 7,157]. And when a statute creates a new offense and affixes a pecuniary penalty, appropriating one-half to the informer, it adopts by implication those remedies by which alone the informer can sue. Rex v. Robinson, 2 Burrows, 803; U. S. v. Simms, 1 Cranch [5 U. S.] 252. The 4th and 68th sections have not provided for the collection of the penalty by a proceeding in rem, and as they have not expressly provided how the penalty should be enforced, I am of opinion that the action of debt is the proper remedy. But counsel for the United States claims that the averments of the libel bring it within the provisions of the first section of the act. This section declares that "no license register or enrollment shall be granted, or other papers issued by any collector or other chief officer of the customs to any vessel propelled in whole or in part by steam, until he shall have satisfactory evidence that all the provisions of this act have been fully complied with; and if any such vessel shall be navigated without complying with the terms of this act, the owner or owners thereof shall forfeit and pay to the United States the sum of five hundred dollars, one-half for the use of the informer, and for which sum the steamboat or vessel so engaged shall be liable, and may be seized and proceeded against by way of libel in any district court of the United States having jurisdiction of the offense." The 2d, 3d, 7th, 8th, 9th and 10th sections prescribe the equipment and furniture of the steamers referred to in the first section, declaring what pumps, buckets, axes, pipes, hose and life preservers they shall be supplied with, and regulating the stairways, tiller ropes and bell pulls. Section 4 names the hazardous kinds of freight that shall not be carried in such steamers, and it is claimed that the carrying of any of these forbidden articles would be a navigating of the vessel without complying with the terms of the act, and therefore a violation of the first section. But it seems to me this is a strained and unwarranted construction. The first section says that no license shall issue until the collector shall have satisfactory evidence that all the provisions of the act have been complied with, evidently referring to the equipment, etc., of the vessel, and when the section at once proceeds to declare, "and if any such

vessel shall be navigated without complying with the terms of this act," the evident meaning is, without being equipped and furnished in such manner as would entitle her to registry and license, and without keeping up such equipment and furniture. I am satisfied that the punishment for a violation of section 4 is prescribed by section 68 and not section 1, and this opinion is strengthened by section 21, which provides that if the master or owner shall refuse or neglect to comply with the requirements of the local inspectors, or shall contrary thereto employ the vessel by navigating her, etc., the master and owners, and the vessel itself shall be liable to the penalty as prescribed by the first section of the act. If the law maker designed that a violation of section 4 should be punished in the manner provided in section 1, why did he not adopt the language used in section 21? Instead of doing this, no penalty whatever is provided in section 4, and it seems to be left to the operation of section 68. I am of opinion therefore, that an action in rem is not authorized for a violation of section 4 of the act; that the penalty and the mode of enforcing it prescribed by section 1 does not apply to the act, and things made unlawful by section 4; that the penalty for any of the acts forbidden by section 4 is prescribed by section 68, and must be recovered in an action of debt against the persons who are guilty. This action in rem is therefore misconceived and the libel must be dismissed.